UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------
DEONTE BARTON AND CAMESHA BARTON,

                               Plaintiffs,                     **COMPLAINT**

          -against-                                        **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
AND JOHN DOES 1-4,

                               Defendants.
-----------------------------------------------------------------------------------

Plaintiffs, DEONTE BARTON AND CAMESHA BARTON, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint, respectfully allege, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States of AmeriCa.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in this District.

**JURY DEMAND**

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiffs, DEONTE BARTON AND CAMESHA BARTON, are, and have been, at all relevant times, residents of Kings County in the City and State of New York.

7. Camesha Barton is Deonte Barton's mother.

8. At the time of the incident giving rise to this lawsuit, Deonte Barton was a 15-year-old boy living in an apartment with his mother, Camesha Barton.

9. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

10. At all relevant times hereinafter mentioned, the Doe Defendants, were males employed by the City of New York as members of the New York City Police Department, whose identities are currently unknown to the Plaintiffs. The Doe Defendants are sued herein in their official and individual capacities.

11. At all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while

acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

14. On June 25, 2014, at approximately 2:00 a.m., Plaintiff, Deonte Barton, then a 15-year-old child, was walking home from a local corner store to his apartment, which was located in the vicinity of Van Siclen Avenue, between Belmont Avenue and Pitkin Avenue, in the County of Kings, City and State of New York.

15. Plaintiff Deonte Barton was not engaged in any suspicious or illegal activity.

16. As he was walking along Van Siclen Avenue back to his apartment building from the corner store, the four Doe Defendants pulled alongside Plaintiff in an unmarked vehicle.

17. Each of the four Doe Defendants were in plainclothes.

18. At least some of the Doe Defendants began to call out to Plaintiff Deonte Barton from their vehicle.

19. Not knowing who these men were, Plaintiff Deonte Barton ran back to his apartment building.

20. Each of the Doe Defendants exited their vehicle and began chasing Plaintiff Deonte Barton.

21. Deonte Barton reached his apartment building and went into his apartment unit.

22. Also present in the apartment at that time were Camesha Barton, Camesha Barton's friend, and Deonte Barton's friend.

23. After Deonte Barton entered the apartment, the door to the apartment was closed.

24. Seconds later, the individual Defendants burst through the apartment door.

25. The Defendants did not possess a warrant or any other legal justification which would have

3

permitted them to chase Deonte Barton or to enter the Plaintiffs' apartment.

26. Nonetheless, once the Doe Defendants were in the apartment, Doe Defendant No. 1 grabbed Plaintiff Deonte Barton by his arms, searched him, and asked for his identification.

27. Deonte Barton's identification was provided to the Doe Defendants, who transmitted his information over their radio.

28. While the Doe Defendants waited to obtain a response to their radio transmission of Deonte Barton's information, they searched Plaintiffs' apartment.

29. The search of Plaintiff Deonte Barton and of the Plaintiffs' apartment yielded no evidence of any guns, drugs, contraband, or any other illegal activity.

30. The Defendants eventually left the Plaintiffs' apartment without making any formal arrests.

31. The decision to chase, detain, search, and seize the Plaintiffs was objectively unreasonable under the circumstances.

32. The decision to enter and search the Plaintiffs' apartment was objectively unreasonable under the circumstances.

33. At no time did there exist sufficient cause to seize or arrest Plaintiffs, nor could the defendants have reasonably believed that such cause existed.

34. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against Plaintiffs.

35. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

36. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests

and without legal justification or excuse.

## FIRST CAUSE OF ACTION

37. Plaintiffs DEONTE BARTON AND CAMESHA BARTON repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

39. At no time did defendants have any legal basis for arresting, imprisoning, detaining, or searching plaintiffs, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

40. Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

41. By so doing, the individual defendants, individually and collectively, subjected Plaintiffs to false arrest and imprisonment, unlawful searches of person and property, unlawful entry to their home, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

42. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused Plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## **SECOND CAUSE OF ACTION**

43. Plaintiffs, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

44. The NYPD Defendants arrested, searched, and incarcerated Plaintiffs DEONTE BARTON AND CAMESHA BARTON, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety, and violate their constitutional rights.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

47. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

48. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF

NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

49. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, DEONTE BARTON AND CAMESHA BARTON.

50. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

52. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were searched and placed under arrest unlawfully.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

54. Defendants, collectively and individually, while acting under color of state law, acquiesced in

a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiffs respectfully request judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
February 11, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiffs*

/S/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020